IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

DAVID LEE BUESS and            )
RODNEY DALE CLASS,             )
                               )
            Plaintiffs,        )
                               )
      v.                       )        Civil No. 1:09-CV-02151-HHK
                               )
UNITED STATES dba CORPORATION, *et al.* )
                               )
            Defendants.        )

**MEMORANDUM IN SUPPORT OF**
**UNITED STATES' MOTION TO DISMISS**

Plaintiffs David Lee Buess and Rodney Dale Class ("Plaintiffs") have filed suit against

the United States and the Internal Revenue Service (collectively, the "Federal Defendants"), as

well as the State of Ohio, Reginald J. Routson,[1] the State of North Carolina, and Gaston County,

North Carolina.  The complaint generally alleges fraud, violation of civil rights statutes, war

crimes, hate crimes, and various other statutes.  The plaintiffs seek monetary damages and

various types of injunctive relief, including, but not limited to, the dissolution of the

American Bar Association, the termination of all attorneys employed by Congress, the

reinstatement of state militias, or, in the alternative, the dissolution of the United States

Government, with a new government to be established and all current government

officials to be charged with crimes against humanity.   For the reasons set forth more fully

below, the plaintiffs claims' against the Federal Defendants should be dismissed with prejudice.

---

[1]On information and belief, the Honorable Reginald J. Routson is a Judge with the
Common Pleas Court of Hancock County, Ohio.

## I.      Internal Revenue Service is not a Proper Party

The Internal Revenue Service is not authorized to sue or be sued *eo nomine*, and

therefore, the Court lacks jurisdiction over the Internal Revenue Service.  See ,e.g., Murphy v.

Internal Revenue Service, 493 F.3d 170, 174 (D.C. Cir. 2007); Enax v. United States, No.

8:05cv2124, 2006 U.S. Dist. LEXIS 46023 at *4 (M.D. Fla. July 7, 2006) (dismissing the Service

as a named defendant because Congress has not waived sovereign immunity and authorized it be

sued *eo nomine*).   Accordingly, the Internal Revenue Service is not a proper party to this suit and

all claims against the Internal Revenue Service should be dismissed.

## II.      Sovereign Immunity

As sovereign, the United States is immune from suit except under the express terms of its

consent.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Testan*, 424 U.S.

392 (1976).  Waivers of sovereign immunity "cannot be implied but must be unequivocally

expressed."  *United States v. King*, 395 U.S. 1, 4 (1969).  Because sovereign immunity deprives a

court of subject matter jurisdiction over a sovereign, the United States' terms of consent "to be

sued in any court define that court's jurisdiction to entertain the suit." *Dalm*, 494 U.S. at 608.

The plaintiff must show that the Federal Defendants have unequivocally waived

sovereign immunity,  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830

F.2d 1044, 1046 (9th Cir. 1987), and the Court must satisfy itself of its jurisdiction where a

challenge is raised, resolving factual disputes if necessary.  *Prakash v. American University*, 727

F.2d 1174, 1179 (D.C. Cir. 1984).  Accordingly, unless the plaintiffs can prove that their claims

fit into a waiver of sovereign immunity, they must be dismissed for lack of subject matter jurisdiction.

This result is mandated despite the plaintiffs' *pro se* status.  Although pleadings filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), a court may not permit *pro se* litigants to disregard the Federal Rules of Civil Procedure.  See, e.g., United States v. Funds from Prudential Securities, 362 F. Supp. 2d 75, 82 (D.D.C. 2005).  "Nor may a court entertain 'what[ever] claims a [*pro se* litigant] may or may not want to assert' without an adequate jurisdictional basis." Briggs v. State Dep't Fed Credit Union, 2006 WL 144009 at * 2 (D.D.C. 2006) (quoting Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C.1987)).

Nowhere in their Complaint do the plaintiffs set forth a basis for a waiver of sovereign immunity by the United States. The Complaint cites generally to the Internal Revenue Code, codified at Title 26 of the United States Code, but fails to cite to a specific section which authorizes the instant claims.  The Complaint also cites generally to Title 28 of the United States Code, covering the judiciary and judicial procedure, and Title 50, covering war and the national defense, but again fails to cite to a specific section which waives sovereign immunity in this case. The Complaint cites various civil rights statutes, including 42 U.S.C. §§ 1981, 1983, 1985, and 1988, but none of those statutes contain a waiver of sovereign immunity.  *Timmons v. United States*, 672 F.2d 1373, 1380 (11th Cir. 1982) (§ 1981 does not waive sovereign immunity); *Unimex, Inc. v. HUD*, 594 F.2d 1060, 1061 (5th Cir. 1979) (none of the Civil Rights Acts waive sovereign immunity); *Garvais v. United States,* No. CV-03-0290-JLQ, 2007 U.S. Dist. LEXIS 42359 (E.D. Wash. June 11, 2007) ("Sections 1981 and 1985 do not apply to actions against the

United States, and do not provide a basis for finding a waiver of sovereign immunity.");

*Monarch, Inc. Co. of Ohio v. District of Columbia*, 353 F. Supp. 1249, 1252 (D.D.C. 1973) (§

1983 does not waive sovereign immunity).

The Complaint also references several criminal statutes, including 18 U.S.C §§ 4, 241,

242, 1512, 1918, 1964, and 1968, but none of those statutes contain waivers of sovereign

immunity.  Additionally, of the criminal statutes cited, only 18 U.S.C. § 1964 authorizes a private

cause of action, and thus the plaintiffs lack standing to bring suit under 18 U.S.C. §§  4, 241,

242, 1512, 1918, and 1968.  *See Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42

(D.D.C. 2007) (noting that "the Supreme Court has refused to imply a private right of action in 'a

bare criminal statute'").  As for 18 U.S.C. § 1964, which allows a private cause of action in

relation to RICO activity, courts have squarely rejected private RICO claims against the United

States.  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("It is clear that there can be no

RICO claim against the federal government.").

Finally, the Complaint cites various other legal theories, including war crimes, hate

crimes, honest service fraud, violation of the District of Columbia Constitution and District of

Columbia statutes, fraud, bank fraud, postal fraud, conspiracy, obstruction of justice, tax fraud,

money laundering, wire fraud, and perjury, but fails to cite to any legal authority waiving

sovereign immunity as to such claims.

In a suit against the United States, a plaintiff must demonstrate that Congress has

explicitly waived its immunity from suit.  United States v. Dalm, 494 U.S. 596, 608 (1990);

United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586

(1941).  The plaintiffs have failed to do so.  Accordingly, all claims against the Federal

Defendants should be dismissed.

### III.    The Complaint Fails to State a Claim upon Which Relief Can Be Granted

In addition to the jurisdictional issues raised by the plaintiffs' Complaint, the plaintiffs

fail to state a complaint upon which relief can be granted.  Fed R. Civ. P. 12(b)(6).  The Federal

Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  The complaint need not

contain "detailed factual allegations," but it must contain sufficient factual allegations to "give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Conley v.

Gibson*, 355 U.S. 41, 47 (1957); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)

("Factual allegations must be enough to raise a right to relief above the speculative level.").  In

addition, claims of fraud must be plead with particularity.  Fed. R. Civ. P. 9(b).

The plaintiffs' Complaint is woefully inadequate on these grounds.   Put simply, it is both

unintelligible and nonsensical. The plaintiffs' entire complaint seems to hinge on the incorrect

legal assumptions that the United States is a corporation, that the United States government has

been dissolved, and that the United States has somehow expatriated all United States citizens.

The Complaint makes vague and ambiguous references to disparate sources of legal authority and

then blends those disparate sources together in an attempt to create legal support for the

incomprehensible claims contained therein.  The Complaint makes numerous general allegations

of fraudulent activity by the United States, but fails to provide any specific, comprehensible facts

in support of such claims.

Courts have unhesitatingly dismissed complaints, like plaintiffs', that are "ambiguous, redundant, vague, and in some respects unintelligible," Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966); that present "a confused and rambling narrative of charges and conclusions," Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1997); or that are "so confused, ambiguous, vague or otherwise unintelligible that [their] true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1998). In the face of such a vague and unintelligible Complaint, the only appropriate remedy is dismissal.

Plaintiffs' Complaint does not allege any intelligible grounds that would entitle them to relief and therefore it should be dismissed.

## IV.  Conclusion

For the foregoing reasons, all of the plaintiffs' claims against the United States and the Internal Revenue Service should be dismissed with prejudice.

DATE: November 24, 2009                     Respectfully submitted,

                                             /s/ Christopher W. Sanders
                                            CHRISTOPHER W. SANDERS
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            Post Office Box 227
                                            Washington, DC 20044
                                            Phone/Fax:  (202) 616-1840/514-6866
                                            E-mail: christopher.w.sanders@usdoj.gov
                                            D.C. Bar #: 981175

OF COUNSEL:
CHANNING D. PHILLIPS
Acting United States Attorney

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2009, the foregoing UNITED STATES' MOTION

TO DISMISS, MEMORANDUM in support, and proposed ORDER were served via first class

mail on the following:

David Lee Buess
22014 Delaware Township Rd 184
Arlington, OH 45814

Rodney Dale Class
P.O. Box 435
High Shoals, NC 28077

Richard Cordray
Attorney General - Ohio
30 E. Broad Street, 17th Floor
Columbus, OH 43215

Honorable Reginald J. Routson
300 South Main Street
Findlay, OH 45840

Roy Cooper
Attorney General - North Carolina
9001 Mail Service Center
Raleigh, NC 27699

Gaston County Tax Department
P.O. Box 1578
Gastonia, NC 28053

   /s/ Christopher W. Sanders   
CHRISTOPHER W. SANDERS