IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID LEE BUESS and <br> RODNEY DALE CLASS, <br>             Plaintiffs, <br>     v. <br> UNITED STATES dba CORPORATION, *et al.* <br>             Defendants. | Civil No. 1:09-CV-02151-HHK |

**UNITED STATES' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION REQUESTING EMERGENCY INJUNCTION**

The Defendant, the United States of America, as the real party in interest and in place of the named federal defendants, United States dba Corporation and Department of IRS dba Corporation, files this response in opposition to the plaintiffs' Motion Requesting Emergency Injunction. The plaintiffs move the Court to enjoin all tax litigation until the resolution of this case. The plaintiffs' request clearly runs afoul of the Anti-Injunction Act, and also fails to make the showing necessary for a preliminary injunction. Accordingly, the motion should be denied.

The Anti-Injunction Act provides that, except under specific enumerated circumstances, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. The central purpose of the Act is "to protect the government's ability to assess and collect taxes free from pre-enforcement judicial interference by confining taxpayers seeking review to refund actions. To this end, the Court has given the Act 'almost literal effect,' without regard to the harshness of the result." *Investment Annuity v. Blumenthal*, 609 F.2d 1, 5 (D.C. Cir. 1979) (internal citations omitted).

In addition to the exceptions set forth in the statute itself, the United States Supreme Court has recognized two exceptions to the Anti-Injunction Act: "when the plaintiff has no alternative legal avenue for challenging a tax, *South Carolina v. Regan*, 465 U.S. 367, 373 (1984), and 'if it is clear that under no circumstance could the Government ultimately prevail' and 'equity jurisdiction otherwise exists,' *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)." *National Taxpayers Union v. United States*, 68 F.3d 1428, 1436 (D.C. Cir. 1995). The plaintiffs have stated no basis for finding that this case falls within any statutory or judicial exception to the Act. Furthermore, given the availability of refund suits and the other statutory methods of challenging allegedly wrongful tax activity, there are clearly better legal means available than the requested nationwide injunction of all tax litigation. Because the Act specifically withdraws jurisdiction over the instant suit, it should be dismissed for lack of subject matter jurisdiction.

However, even if the plaintiffs' motion did not run afoul of the Act, the requested relief would still be inappropriate. In deciding whether to grant a preliminary injunction, the Court must evaluate whether: (1) the plaintiff has a substantial likelihood of success on the merits; (2) the plaintiff would suffer irreparable injury were an injunction not granted; (3) an injunction would substantially injure other interested parties; and (4) the grant of an injunction would further the public interest. *Serono Lab., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998). The plaintiffs have failed to establish any of the necessary factors, and given the vague and unintelligible nature of the underlying complaint, the United States contends that the plaintiffs cannot make the showing necessary to grant the requested injunction. In fact, given that a nationwide ban on tax litigation would both hamper the ability of the United States to fund

federal programs, as well as hamper the ability of taxpayers to obtain refunds or otherwise seek judicial review of Internal Revenue Service actions, it is unclear how the requested injunction would in any way further the public interest.  In fact, given that the plaintiffs' complaint is, by the plaintiffs' own admission, one of "tax fraud" (Court Doc. 1-2 at pp. 10-11), the instant case would seemingly fall within the scope of the requested injunction, further evidencing the inappropriate nature of the requested relief.

Accordingly, for the reasons set forth above, the plaintiffs' Motion Requesting Emergency Injunction should be denied.

DATE: November 24, 2009                     Respectfully submitted,

 /s/ Christopher W. Sanders

CHRISTOPHER W. SANDERS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Phone/Fax:  (202) 616-1840/514-6866
E-mail: christopher.w.sanders@usdoj.gov
D.C. Bar #: 981175

OF COUNSEL:
CHANNING D. PHILLIPS
Acting United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2009, the foregoing UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION REQUESTING EMERGENCY INJUNCTION and proposed ORDER were served via first class mail on the following:

David Lee Buess
22014 Delaware Township Rd 184
Arlington, OH 45814

Rodney Dale Class
P.O. Box 435
High Shoals, NC 28077

Richard Cordray
Attorney General - Ohio
30 E. Broad Street, 17th Floor
Columbus, OH 43215

Honorable Reginald J. Routson
300 South Main Street
Findlay, OH 45840

Roy Cooper
Attorney General - North Carolina
9001 Mail Service Center
Raleigh, NC 27699

Gaston County Tax Department
P.O. Box 1578
Gastonia, NC 28053

      /s/ Christopher W. Sanders
      CHRISTOPHER W. SANDERS