IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID LEE BUESS and<br>RODNEY DALE CLASS,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES dba CORPORATION, *et al.*<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 1:09-CV-02151-HHK<br>)<br>)<br>)<br>) |

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO CLARIFY LANGUAGE USED**

    The Defendant, the United States of America, as the real party in interest and in place of the named federal defendants, United States dba Corporation and Department of IRS dba Corporation, files this response in opposition to the plaintiffs' Motion to Clarify Language Used. The plaintiffs move the Court to "force the IRS and the Corporations to comply in a hearing to define; INCOME, PERSON, INDIVIDAUL [sic], ALIEN, RESIDENT, ALIEN ENEMY RESIDENT UNITED STATES CITIZEN and etc and explain how they are misusing the "criminal action" section in the Courts when it only applies under Title 50 of Trading with the Enemy Act." (Court Doc. 1-4 at pp 4-5) It is unclear from the motion exactly what relief the plaintiffs seek, nor have the plaintiffs set forth any legal basis for compelling the United States to provide the requested relief.  The motion should be denied.

    To the extent that the plaintiffs seek to compel the United States to provide them with legal advice, their motion should be denied.  There is no constitutional right to counsel in a civil matter, *Duckett v. D.C. Dep't of Corrections*, 815 F.2d 124 (D.C. Cir. 1987) ("In civil cases, there is a presumption that an indigent litigant has no right to appointed counsel unless, if he

loses the litigation, he may be deprived of his physical liberty."), and counsel for the United States is ethically bound to provide legal advice only to the United States, not to the plaintiffs. To the extent that the plaintiffs ask the Court to compel Congress or the Internal Revenue Service to rewrite the United States Code or Federal Regulations to conform to the plaintiffs' views, the Court lacks jurisdiction to provide the requested relief.

To the extent that the plaintiffs ask the Court to overrule the Internal Revenue Service's interpretation of tax laws and rewrite tax policy, the United States Supreme Court has held that:

> We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations "has been consistently followed by this Court whenever decision as to the meaning or reach of a statute has involved reconciling conflicting policies, and a full understanding of the force of the statutory policy in the given situation has depended upon more than ordinary knowledge respecting the matters subjected to agency regulations.
>
> ". . . If this choice represents a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute, we should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that Congress would have sanctioned."

*Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 844-45 (1984). The *Chevron* Court further held that:

> Judges are not experts in the field, and are not part of either political branch of the Government. Courts must, in some cases, reconcile competing political interests, but not on the basis of the judges' personal policy preferences. In contrast, an agency to which Congress has delegated policymaking responsibilities may, within the limits of that delegation, properly rely upon the incumbent administration's views of wise policy to inform its judgments. While agencies are not directly accountable to the people, the Chief Executive is, and it is entirely appropriate for this

>political branch of the Government to make such policy choices --
>resolving the competing interests which Congress itself either
>inadvertently did not resolve, or intentionally left to be resolved by
>the agency charged with the administration of the statute in light of
>everyday realities.
>
>When a challenge to an agency construction of a statutory
>provision, fairly conceptualized, really centers on the wisdom of
>the agency's policy, rather than whether it is a reasonable choice
>within a gap left open by Congress, the challenge must fail.  In
>such a case, federal judges -- who have no constituency -- have a
>duty to respect legitimate policy choices made by those who do.
>The responsibilities for assessing the wisdom of such policy
>choices and resolving the struggle between competing views of the
>public interest are not judicial ones: "Our Constitution vests such
>responsibilities in the political branches."

*Chevron*, 467 U.S. at 865-66.  Thus, to the extent that the plaintiffs ask the Court to rewrite tax policy, such a request should be denied.  To the extent that the plaintiffs seek some other form of relief, the motion should be denied for failing to clearly request the relief sought and to provide a legal basis for such relief.

Accordingly, for the reasons set forth above, the plaintiffs' motion should be denied.

DATE: November 24, 2009                     Respectfully submitted,

                                                             /s/ Christopher W. Sanders
                                                          CHRISTOPHER W. SANDERS
                                                          Trial Attorney, Tax Division
                                                          U.S. Department of Justice
                                                          Post Office Box 227
                                                          Washington, DC 20044
                                                          Phone/Fax:  (202) 616-1840/514-6866
                                                          E-mail: christopher.w.sanders@usdoj.gov
                                                          D.C. Bar #: 981175

OF COUNSEL:
CHANNING D. PHILLIPS
Acting United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2009, the foregoing UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY LANGUAGE USED and proposed ORDER were served via first class mail on the following:

David Lee Buess
22014 Delaware Township Rd 184
Arlington, OH 45814

Rodney Dale Class
P.O. Box 435
High Shoals, NC 28077

Richard Cordray
Attorney General - Ohio
30 E. Broad Street, 17th Floor
Columbus, OH 43215

Honorable Reginald J. Routson
300 South Main Street
Findlay, OH 45840

Roy Cooper
Attorney General - North Carolina
9001 Mail Service Center
Raleigh, NC 27699

Gaston County Tax Department
P.O. Box 1578
Gastonia, NC 28053

                                                /s/ Christopher W. Sanders
                                                CHRISTOPHER W. SANDERS