IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

DAVID LEE BUESS and )
RODNEY DALE CLASS, )
　 )
Plaintiffs, )
　 )
v. ) Civil No. 1:09-CV-02151-HHK
　 )
UNITED STATES dba CORPORATION, *et al.* )
　 )
Defendants. )

**UNITED STATES' RESPONSE IN OPPOSITION TO
PLAINTIFFS' OBJECTION TO NOTICE OF REMOVAL**

Defendant, the United States of America, as the real party in interest and in place of the

named federal defendants, United States dba Corporation and Department of IRS dba

Corporation, files this response in opposition to the plaintiffs' Objection to Notice of Removal.

This action was properly removed to this Court, the Court has jurisdiction to rule on the United

States' Motion to Dismiss, and the Court is not faced with a conflict that requires recusal.

Accordingly, the United States' Motion to Dismiss should be granted.

**I.      Removal, Jurisdiction, and Venue[1]**

On October 22, 2009, the plaintiffs filed the instant suit in the Superior Court of the

District of Columbia.  (Court Doc. 1-1)  On November 16, 2009, the United States removed the

case to this Court pursuant to 28 U.S.C. § 1442(a)(1).  (Court Doc. 1) The plaintiffs now object,

arguing that removal was improper.  28 U.S.C. § 1442(a)(1) allows the removal from State court

---

[1]The plaintiffs raise similar arguments on the issues of jurisdiction, removal, and recusal in both their response to the United States' Motion to Dismiss and in their Objection to Notice of Removal.  Accordingly, the United States' arguments in section I of its Reply to Plaintiffs' Response to United States' Motion to Dismiss and its Response in Opposition to Plaintiffs' Objection to Notice of Removal are similar, and the arguments in section II of the two filings are identical.

of any suit against the United States, or any agency or officer thereof, to the United States

District Court for the district and division embracing the place where the State action is pending.

The term "State court" includes the Superior Court of the District of Columbia.  28 U.S.C. §

1451.  Thus, under federal law, removal from the "State court" where the instant case was filed,

the Superior Court of the District of Columbia, to the United States District Court for the District

of Columbia was appropriate, giving this Court jurisdiction to hear this case.  As for the issue of

venue, the plaintiffs chose to file their suit in the Superior Court for the District of Columbia.

Thus, under federal law, this action was removable to this Court.  To the extent that the plaintiffs

argue that venue in the District of Columbia is not appropriate, they are effectively attacking their

own decision to file the case in the District of Columbia.  If the District of Columbia is not the

proper venue, then the plaintiffs' decision to file their original Complaint in the Superior Court

for the District of Columbia was equally flawed, establishing an additional basis for dismissal of

this case.

## II.     Recusal

The plaintiffs next argue that this matter cannot proceed before this Court, or any other

federal court, because the instant suit names all federal courts as defendants, and therefore the

Court should recuse itself pursuant to 28 U.S.C. § 455.  The plaintiffs' Complaint does contain

allegations of conspiracy by all federal courts.  However, the caption of the Complaint fails to list

any federal court as a defendant, there is no evidence that a Summons and Complaint were

served on any federal court, and the Complaint fails to provide notice to any federal court that it

was being named as a defendant.  Thus, while the plaintiffs may have intended to name all

federal courts as defendants, their Complaint failed to do so.

In addition, even if all federal courts were properly named as defendants in this suit, the Court would not be required to recuse itself. Other courts that have addressed this issue have held that recusal is not necessary when a litigant attempts to frustrate the jurisdiction of the federal courts by indiscriminately suing all judges who could hear the case. *United States v. Will v. United States*, 449 U.S. 200, 213 (1980); *Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1164-65 (9th Cir. 2006); *Bolin v. Story*, 225 F.3d 1234, 1238 (11th Cir. 2000); *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999).

The *Ignacio* court described this doctrine, the "rule of necessity," as follows:

> The rule of necessity allows a judge, normally disqualified, to hear a case when "the case cannot be heard otherwise." *Will*, 449 U.S. at 213. The case cannot be heard otherwise, when as pointed out by our sister circuits, a plaintiff has named all of the judges in a circuit as defendants. Thus, an underlying legal maxim for the rule of necessity is that "where all are disqualified, none are disqualified." *Pilla v. American Bar Ass'n.*, 542 F.2d 56, 59 (8th Cir. 1976) (internal citations omitted); *see also* Chad M. Oldfather, *Defining Judicial Inactivism: Models of Adjudication and the Duty to Decide*; 94 Geo. L.J. 121, 128 n.18 (2005). This maxim applies here. Ignacio has sued the judges of the Ninth Circuit--he has indiscriminately sued all. If all the judges of the Ninth Circuit are disqualified as a result of Ignacio's complaint, he has eliminated the proper legal forum charged with reviewing the dismissal of his action. As this goes to the very purpose of the rule of necessity--not permitting a litigant to "destroy the only tribunal with power in the premises," *see Brinkley v. Hassig*, 83 F.2d 351, 357 (10th Cir. 1936)--we hold that the rule should be extended to circumstances like this where a litigant has named uncritically all the judges of this circuit.
>
> To hold otherwise would allow and possibly encourage plaintiffs to impede the administration of justice by suing wholesale all the judges in a district or circuit until their case is transferred. *See Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988).

> Furthermore, we reject the contention that the ability to bring in judges from other circuits to hear the case precludes the application of the rule of necessity as this would be the pragmatic equivalent of having the case transferred out of circuit.  As with the Tenth Circuit, we have reservations about giving litigants a veto right over sitting judges by providing them an improper means for getting their case transferred out of the circuit.  *See Switzer*, 198 F.3d at 1258 (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

*Ignacio*, 453 F.3d at 1164-65.

The rule of necessity is clearly applicable to this case.  The plaintiffs have attempted to name all federal courts, and, by extension, all federal judges, in their suit.  By doing so, the plaintiffs seek to frustrate Congress' mandate that the United States District Courts have original jurisdiction over all suits against the United States.  The plaintiffs should not be allowed to override this Congressional mandate by the simple act of naming all federal courts as parties.  To do so would improperly "giv[e] litigants a veto right over sitting judges," and such was clearly not the intent of Congress.  *Ignacio*, 453 F.3d at 1165.  Thus, even if the plaintiffs' Complaint did name this Court as a party to the action, the rule of necessity provides that the Court need not recuse itself from this matter.

## III.    Additional Arguments Made by Plaintiffs[2]

---

[2]The copy of the Objection served on the United States by the plaintiffs does not include pages 5, 6, and 7, but those pages are present in the copy of the objection filed with the Court. The copy served on the United States includes a cover sheet indicating that "Pages are currently numbered in error: 1, 2,3, 4, 8, 9, 10, 11, 12.  There are no pages Missing within this documents." [sic] A copy of the version of the Objection served on the United States is attached as Exhibit 1.  It is unclear whether the plaintiffs have withdrawn the arguments contained within pages 5 through 7, however, in an abundance of caution, the United States addresses those arguments herein.

4

In their objection, the plaintiffs also argue that undersigned counsel is "an IRS attorney under the Office of the Chief Counsel, not a Department of Justice Officer" and allege that the undersigned counsel committed fraud by claiming otherwise. (Court Doc. 7 at ¶ 5)  Such is not the case.  Undersigned counsel is a Trial Attorney for the United States Department of Justice. The fact that the undersigned works within the Tax Division of the Department of Justice does not equate with employment by the Service.  *See* 28 U.S.C. § 517 ("The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."); *see also* 28 C.F.R. § 0.70 (describing the duties assigned to the Assistant Attorney General, Tax Division).  The plaintiffs' accusation is baseless, and is representative of the irrational arguments the plaintiffs offer in support of their claims.

Plaintiffs also argue that undersigned counsel erred by failing to file a notice of appearance in the Superior Court for the District of Columbia before filing the Notice of Removal.  Plaintiffs are, again, incorrect.  Rule 101(b)(1) of the Superior Court Rules of Civil Procedure provides that "[i]f, after the first pleading or other paper is filed on behalf of any party, any additional attorney wishes to enter an appearance for that party, such attorney must file a praecipe noting the entry of the attorney's appearance and listing the attorney's correct address, e-mail address, telephone number, and Unified Bar number."  The United States' Notice of Removal was the first document filed on behalf of the United States in the Superior Court, and thus no notice of appearance was necessary.

Plaintiffs' also argue that this Court lacks jurisdiction because the United States and the

Internal Revenue Service are corporations.  Such arguments are based on a misreading of case

law and are illustrative of the flawed legal reasoning found throughout the plaintiffs' Complaint.

Plaintiffs cite to the case of *Weston v. United States of America*, 259 Fed App'x 66 (10th Cir.

2007), arguing that the court referred to the United States as a corporate appellee.  While the

*Weston* court did make use of the term "Corporate Appellees," that term did not include the

United States:

> Appellees Westfield Insurance Company, CNA Surety, and First
> National Bank ("Corporate Appellees") have filed a separate Fed.
> R. Civ. P. 38 motion for sanctions against appellant Andrews in
> appeal No. 07-5042.  The Corporate Appellees request an order
> enjoining Andrews from bringing any suit against any of them
> without first receiving leave of court and further awarding them
> reasonable attorney's fees and costs associated with defending this
> appeal.  This court has given Andrews an opportunity to respond to
> the request for sanctions, but he has not done so.

*Weston*, 259 Fed. App'x at 68.

The *Weston* opinion is of interest on another issue, however.  In *Weston*, the Tenth Circuit

affirmed the district court's dismissal of a case similar to the instant suit.  Of particular

importance is the fact that the *Weston* litigation included plaintiff Rodney Class of High Shoals,

North Carolina.  *Weston*, 259 Fed. App'x at 66.  Plaintiff Class previously raised similarly

frivolous arguments in the Northern District of Oklahoma and the Northern District of Ohio,

where they were rejected.  *See Andrews v. United States*, 2006 U.S. Dist. LEXIS 78198 at *17-18

(N.D. Okla. Oct. 24, 2006) (citing *Class v. Gwin*, No. 5:06-CV-1465, 2006 U.S. Dist. LEXIS

50746 (N.D. Ohio July 25, 2006)) ("The Ohio defendants point out that the Northern District of

Ohio has previously addressed similar allegations brought by Rodney Class, who has also been

very active in this lawsuit.  In the Ohio case, Class alleged that the numerous Ohio officials and

judges, among others, engaged in racketeering when they did not cooperate with his efforts to

challenge a traffic matter.  The Northern District of Ohio dismissed his complaint, labeled him a

'vexatious litigator,' and enjoined him from filing the same type of complaint he filed in this case

without meeting certain requirements of the Northern District of Ohio.")  Now Class raises

equally frivolous arguments before this Court.

Finally, the plaintiffs also argue that the United States and the United States of America

are separate legal entities.  Other courts faced with this argument have squarely rejected it.

*United States v. Dawes*, 161 Fed. App'x 742, 745-46 (10th Cir. 2005) (holding as legally

frivolous the argument that the United States and the United States of America are not

synonymous); *Flores-Rosales v. United States*, No. EP-08-CV-98-KC, 2009 U.S. Dist. LEXIS

54460 at *8 (W.D. Tex. June 3, 2009) ("The United States of America is the same party as the

United States, and an argument to the contrary is unsupported in law or common sense.");

*Russell v. United States*, No. 08-cv-0247-MJR, 2008 U.S. Dist. LEXIS 89753 at *4 (S.D. Ill.

Nov. 5, 2008) ("These two terms are interchangeable and are commonly understood to refer to

the same entity."); *United States v. Wright*, NO. S-94-1183 EJG/GGH, 1998 U.S. Dist. LEXIS

20777 at *12 (E.D. Cal. Dec. 29, 1998) (holding that the argument that the United States and the

United States of America are separate entities is "patently frivolous."); *Csikortos v. United

States*, No. 7:07cv00476, 2007 U.S. Dist. LEXIS 87058 at *5 (W.D. Va. Nov. 27, 2007)

("[Petitioner]'s arguments have no merit.  There is no substantive difference between the United

States and the United States of America with regard to federal law and its application in

[petitioner's] criminal case.").

IV.     **Conclusion**

The plaintiffs' objections are frivolous and are based on baseless assertions and

misinterpretations of statutory and case law.  Accordingly, the plaintiffs' Objection to Notice of

Removal should be overruled.

DATE: December 7, 2009                          Respectfully submitted,

                                                 /s/ Christopher W. Sanders
                                                CHRISTOPHER W. SANDERS
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 227
                                                Washington, DC 20044
                                                Phone/Fax:  (202) 616-1840/514-6866
                                                E-mail: christopher.w.sanders@usdoj.gov
                                                D.C. Bar #: 981175

OF COUNSEL:
CHANNING D. PHILLIPS
Acting United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2009, the foregoing UNITED STATES' RESPONSE

IN OPPOSITION TO PLAINTIFFS' OBJECTION TO NOTICE OF REMOVAL and proposed

ORDER were served via first class mail on the following:

David Lee Buess
22014 Delaware Township Rd 184
Arlington, OH 45814

Rodney Dale Class
P.O. Box 435
High Shoals, NC 28077

Richard Cordray
Attorney General - Ohio
30 E. Broad Street, 17th Floor
Columbus, OH 43215

Counsel for the Honorable Reginald J. Routson
Aaron L. Handleman
2001 S Street, NW, Suite 310
Washington, DC 20009

Counsel for State of North Carolina
Grady L. Balentine , Jr.
North Carolina Department Of Justice
9001 Mail Service Center
Raleigh, NC 27699

Gaston County Tax Department
P.O. Box 1578
Gastonia, NC 28053

                                         /s/ Christopher W. Sanders
                                         CHRISTOPHER W. SANDERS