IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID LEE BUESS and<br>RODNEY DALE CLASS,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES dba CORPORATION, *et al.*<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 1:09-CV-02151-HHK<br>)<br>)<br>)<br>) |

**UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE
TO UNITED STATES' MOTION TO DISMISS**

Defendant, the United States of America, as the real party in interest and in place of the named federal defendants, United States dba Corporation and Department of IRS dba Corporation, files this reply to the plaintiffs' response to the United States' Motion to Dismiss. The plaintiffs offer only baseless and frivolous arguments in opposition to the United States' motion. This action was properly removed to this Court, the Court is not faced with a conflict that requires recusal, and the plaintiffs have not established that the United States has waived sovereign immunity as to their claims. Accordingly, the United States' Motion to Dismiss should be granted.

**I.     Jurisdiction**[1]

On October 22, 2009, the plaintiffs filed the instant suit in the Superior Court of the District of Columbia. (Court Doc. 1-1) The plaintiffs' complaint includes claims against the

---

[1] The plaintiffs raise similar arguments on the issues of jurisdiction, removal, and recusal in both their response to the United States' Motion to Dismiss and in their Objection to Notice of Removal. Accordingly, the United States' arguments in section I of its Reply to Plaintiffs' Response to United States' Motion to Dismiss and its Response in Opposition to Plaintiffs' Objection to Notice of Removal are similar, and the arguments in section II of the two filings are identical.

United States and the Internal Revenue Service. Federal law allows the removal from State court of any suit against the United States, or any agency or officer thereof, to the United States District Court for the district and division embracing the place where the State action is pending. 28 U.S.C. § 1442(a)(1) . The term "State court" includes the Superior Court of the District of Columbia. 28 U.S.C. § 1451. Thus, removal from the "State court" where the instant case was filed, the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia was appropriate, giving this Court jurisdiction to hear this case.

**II.     Recusal**

The plaintiffs next argue that this matter cannot proceed before this Court, or any other federal court, because the instant suit names all federal courts as defendants, and therefore the Court should recuse itself pursuant to 28 U.S.C. § 455. The plaintiffs' Complaint does contain allegations of conspiracy by all federal courts. However, the caption of the Complaint fails to list any federal court as a defendant, there is no evidence that a Summons and Complaint were served on any federal court, and the Complaint fails to provide notice to any federal court that it was being named as a defendant. Thus, while the plaintiffs may have intended to name all federal courts as defendants, their Complaint failed to do so.

In addition, even if all federal courts were properly named as defendants in this suit, the Court would not be required to recuse itself. Other courts that have addressed this issue have held that recusal is not necessary when a litigant attempts to frustrate the jurisdiction of the federal courts by indiscriminately suing all judges who could hear the case. *United States v. Will v. United States*, 449 U.S. 200, 213 (1980); *Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1164-65 (9th Cir. 2006); *Bolin v. Story*, 225 F.3d

1234, 1238 (11th Cir. 2000); *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999).

The *Ignacio* court described this doctrine, the "rule of necessity," as follows:

> The rule of necessity allows a judge, normally disqualified, to hear a case when "the case cannot be heard otherwise." *Will*, 449 U.S. at 213. The case cannot be heard otherwise, when as pointed out by our sister circuits, a plaintiff has named all of the judges in a circuit as defendants. Thus, an underlying legal maxim for the rule of necessity is that "where all are disqualified, none are disqualified." *Pilla v. American Bar Ass'n.*, 542 F.2d 56, 59 (8th Cir. 1976) (internal citations omitted); *see also* Chad M. Oldfather, *Defining Judicial Inactivism: Models of Adjudication and the Duty to Decide*; 94 Geo. L.J. 121, 128 n.18 (2005). This maxim applies here. Ignacio has sued the judges of the Ninth Circuit--he has indiscriminately sued all. If all the judges of the Ninth Circuit are disqualified as a result of Ignacio's complaint, he has eliminated the proper legal forum charged with reviewing the dismissal of his action. As this goes to the very purpose of the rule of necessity--not permitting a litigant to "destroy the only tribunal with power in the premises," *see Brinkley v. Hassig*, 83 F.2d 351, 357 (10th Cir. 1936)--we hold that the rule should be extended to circumstances like this where a litigant has named uncritically all the judges of this circuit.
>
> To hold otherwise would allow and possibly encourage plaintiffs to impede the administration of justice by suing wholesale all the judges in a district or circuit until their case is transferred. *See Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988). Furthermore, we reject the contention that the ability to bring in judges from other circuits to hear the case precludes the application of the rule of necessity as this would be the pragmatic equivalent of having the case transferred out of circuit. As with the Tenth Circuit, we have reservations about giving litigants a veto right over sitting judges by providing them an improper means for getting their case transferred out of the circuit. *See Switzer*, 198 F.3d at 1258 (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

*Ignacio*, 453 F.3d at 1164-65.

The rule of necessity is clearly applicable to this case. The plaintiffs have attempted to name all federal courts, and, by extension, all federal judges, in their suit. By doing so, the plaintiffs seek to frustrate Congress' mandate that the United States District Courts have original jurisdiction over all suits against the United States. The plaintiffs should not be allowed to override this Congressional mandate by the simple act of naming all federal courts as parties. To do so would improperly "giv[e] litigants a veto right over sitting judges," and such was clearly not the intent of Congress. *Ignacio*, 453 F.3d at 1165. Thus, even if the plaintiffs' Complaint did name this Court as a party to the action, the rule of necessity provides that the Court need not recuse itself from this matter.

### III.  "Including, But Not Limited To" Language

The plaintiffs next take issue with the use of the phrase "including, but not limited to" used in conjunction with a summary of the plaintiffs' claim. In summarizing the various claims made by the plaintiffs, the United States' Motion uses the phrase "including, but not limited to." That phrase was used to indicate that the United States was not offering a verbatim list of all of the plaintiffs' claims, but was instead offering only a summary. The plaintiffs' Complaint speaks for itself, and the use of the phrase "including, but not limited to" in the United States' Motion to Dismiss in no way alters the plaintiffs' claims. To the extent that the plaintiffs argue that the United States has somehow conceded some legal issue by using the phrase "including, but not limited to," the plaintiffs' arguments are baseless and irrational.

### IV.  United States

The plaintiffs next attack the use of "United States," arguing that the term is unclear. This argument is merely an expansion of the plaintiffs' prior argument (in their Objection to

Notice of Removal) of "United States" versus "United States of America." Other courts have squarely rejected similar arguments of semantics. *United States v. Dawes*, 161 Fed. App'x 742, 745-46 (10th Cir. 2005) (holding as legally frivolous the argument that the United States and the United States of America are not synonymous); *Flores-Rosales v. United States*, No. EP-08-CV-98-KC, 2009 U.S. Dist. LEXIS 54460 at *8 (W.D. Tex. June 3, 2009) ("The United States of America is the same party as the United States, and an argument to the contrary is unsupported in law or common sense."); *Russell v. United States*, No. 08-cv-0247-MJR, 2008 U.S. Dist. LEXIS 89753 at *4 (S.D. Ill. Nov. 5, 2008) ("These two terms are interchangeable and are commonly understood to refer to the same entity."); *United States v. Wright*, NO. S-94-1183 EJG/GGH, 1998 U.S. Dist. LEXIS 20777 at *12 (E.D. Cal. Dec. 29, 1998) (holding that the argument that the United States and the United States of America are separate entities is "patently frivolous."); *Csikortos v. United States*, No. 7:07cv00476, 2007 U.S. Dist. LEXIS 87058 at *5 (W.D. Va. Nov. 27, 2007) ("[Petitioner]'s arguments have no merit. There is no substantive difference between the United States and the United States of America with regard to federal law and its application in [petitioner's] criminal case.").

The use of the terms United States, United States of America, and variations thereof, are all synonymous, and all refer to the federal government of this country. The plaintiffs' willful blindness as to the meaning of these terms is indicative of the frivolous nature of their suit and in no way provides a legal basis for their claims.

**V.      Sovereign Immunity**

The plaintiffs next offer a series of legal citations in support of their contention that the United States does not have sovereign immunity against the plaintiffs' claims. The plaintiffs take

the citations out of context and misconstrue their legal meaning. The plaintiffs cannot make the prima facie claim necessary to fit within any exception to sovereign immunity. Additionally, the plaintiffs ignore the fact that in a suit against the United States, the plaintiff must affirmatively demonstrate that Congress has explicitly waived immunity from suit. <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). The burden belongs to the plaintiffs, and they have failed to carry it.

**IV.    Conclusion**

The plaintiffs' arguments are frivolous, rely on misinterpretations of statutory and case law, and offer no legal support as to the viability of the plaintiffs' Complaint. Accordingly, the United States' Motion to Dismiss should be granted and the claims against the United States and the Internal Revenue Service should be dismissed.

DATE: December 7, 2009                            Respectfully submitted,

 /s/ Christopher W. Sanders
CHRISTOPHER W. SANDERS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Phone/Fax: (202) 616-1840/514-6866
E-mail: christopher.w.sanders@usdoj.gov
D.C. Bar #: 981175

OF COUNSEL:
CHANNING D. PHILLIPS
Acting United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2009, the foregoing UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE TO UNITED STATES' MOTION TO DISMISS was served via first class mail on the following:

David Lee Buess
22014 Delaware Township Rd 184
Arlington, OH 45814

Rodney Dale Class
P.O. Box 435
High Shoals, NC 28077

Richard Cordray
Attorney General - Ohio
30 E. Broad Street, 17th Floor
Columbus, OH 43215

Counsel for the Honorable Reginald J. Routson
Aaron L. Handleman
2001 S Street, NW, Suite 310
Washington, DC 20009

Counsel for State of North Carolina
Grady L. Balentine , Jr.
North Carolina Department Of Justice
9001 Mail Service Center
Raleigh, NC 27699

Gaston County Tax Department
P.O. Box 1578
Gastonia, NC 28053

                              /s/ Christopher W. Sanders
                              CHRISTOPHER W. SANDERS