UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID LEE BUESS and<br>RODNEY DALE CLASS,<br><br>           Petitioners<br><br>vs.<br><br>UNITED STATES dba CORPORATION,<br><br>           Defendants | Case No.: 1:09-cv-02151- HHK<br><br>Judge Henry K. Kennedy, Jr. |

**DEFENDANT THE HONORABLE JUDGE REGINALD J. ROUTSON'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

Petitioners' "Objection" to Judge Routson's Motion to Dismiss is as incomprehensible as their Complaint. Rather than dispute the judge's arguments or attempt to overcome his immunity, they offer a number of disjointed arguments and random case citations. Their arguments altogether fail to rebut Judge Routson's motion, and their claims must therefore be dismissed.

**A.     Contrary to Their Argument, Petitioners Must Meet the Federal Pleadings Standard and Have Failed to Do So.**

Despite the fact "complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers," *pro se* plaintiffs must still comply with the Federal Rules of Civil Procedure. *Brown v. Krystal*, 2009 U.S. Dist. LEXIS 115018 (D.D.C. 2009)(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).) Petitioners argue that because Judge Routson was able to list the alleged causes of action against him, they have satisfied their burden under Civil Rule 8(a) (requiring a short and plain

statement of the grounds upon which federal jurisdiction rests, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought).[1]

However, Petitioners offer nothing more than a list of causes of action and statutes under which they purport to allege claims against the defendants.[2] They fail to assert any allegations supporting those claims or establishing what any defendant did or did not do that resulted in their claims. Without more, their allegations fail under Rule 8(a) and dismissal is appropriate.

**B.     This Case Should Not be Transferred to the Homeland Security Administration Court.**

Petitioners argue this Court lacks jurisdiction over this case, and the case should be removed to the Homeland Security Administrative Court to be heard before the United States Coast Guard. (Objection, p. 15.) In support of this contention, Petitioners cite to 18 USC § 4[3] and 18 USC § 2331[4]. Neither of these sections discuss jurisdiction or offer any support for Petitioners' unusual conclusion regarding this Court's jurisdiction. Accordingly, this argument must be denied.

**C.     Judge Routson is Immune from Suit.**

---

[1] Petitioners take issue with Judge Routson's use of the phrase "including, but not limited to," in describing the claims against him. They contend that this phrase shows they properly pled their claims. In response to this contention, Judge Routson incorporates the arguments presented by the United States in response to this same point. *See* United States' Reply to Plaintiff's Response to United States' Motion to Dismiss, Section III.

[2] Petitioners have also taken issue with the form of signature of Counsel for Judge Routson in their respective filings. (Objection at pp. 13-14). However, Judge Routson's filings have been in accordance with the signature requirements set forth in Local Rule 5.4 of this Court's Rules. As such, Petitioners argument on this point is baseless.

[3] 18 USC § 4 provides: "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."

[4] 18 USC § 2331 defines the terms "international terrorism," "national of the United States," "person," "act of war "and "domestic terrorism." Nowhere in this statute, however, does it discuss jurisdiction.

In their Complaint, Petitioners vaguely allege Judge Routson is liable because he, along with all other state court judges continued to permit actions against individuals, despite the alleged fact that those people were "expatriated" from this County without their knowledge or consent. *See*, *e.g*., Complaint, p. 12. Judge Routson argued he is absolutely immune from such claims. Petitioners fail to address his arguments. Instead, Petitioners attempt to clarify their allegations against the judge. In doing so, however, Petitioners end up offering additional support for Judge Routson's argument that he is immune from suit.

Judge Routson is immune from claims for money damages in connection with "judicial acts" unless there is a "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Petitioners now argue Judge Routson violated Petitioner Buess' constitutional rights in a previous case involving Judge Routson's co-defendant, the IRS. (Objection, pp. 5-6.) Specifically, Petitioners argue Judge Routson allowed the IRS to violate procedures and statutory law by not requiring Petitioner Buess be properly served in the previous case. *Id.* at p. 6. They further argue Petitioner Buess filed a Notice of Default against the IRS, but Judge Routson denied their motion. *Id.* at p. 7.

In offering this clarification, Petitioners have not rebutted Judge Routson's absolute immunity. Nothing in Petitioners' Complaint or Objection asserts Judge Routson was acting without jurisdiction when he took action in Petitioners' case against the IRS. And nothing in the Complaint or Petitioners' newly clarified allegations asserts Judge Routson's actions were anything but judicial in nature. At the most, Petitioners argue Judge Routson accepted personal jurisdiction over parties and issued a decision in a previous case. Both acts could only be taken by a judge and are clearly judicial in nature. As such, Judge Routson is entitled to absolute immunity.

**Conclusion**

Based on the arguments presented in his Motion to Dismiss and the above memorandum, the Honorable Judge Reginald J. Routson respectfully requests this Court dismiss Petitioners' claims against him with prejudice.

Respectfully submitted,

/s/ Justin Flint
AARON HANDLEMAN (48728)
JUSTIN FLINT (491782)
ECCLESTON & WOLF
*Counsel for Defendant*
*Judge Reginald J. Routson*
2001 S Street, N.W.
Suite 310
Washington, D.C. 20009
Tel:  202-857-1696
Fax: 202-857-0762
E-mail: handleman@ewdc.com, flint@ewdc.com


OF COUNSEL:
KIMBERLY VANOVER RILEY
LISA M. ZARING
MONTGOMERY, RENNIE & JONSON
*Of Counsel for Defendant*
*Judge Reginald J. Routson*
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Tel.: 513-241-4722
Fax: 513-241-8775
E-mail: kriley@mrjlaw.com;
lzaring@mrjlaw.com

## **CERTIFICATE OF SERVICE**

On December 15th, 2009, I electronically filed a copy of the foregoing **Reply in Support of the Motion to Dismiss** on behalf of the Honorable Judge Reginald J. Routson. Notice of this filing will be sent to all parties through the Court's electronic filing system. Parties may access this filing through the Court's system.

I also served a copy of the foregoing upon the following parties via regular U.S. Mail, first-class postage prepaid:


David Lee Buess
22014 Delaware Township Rd., # 184
Arlington, OH  45814
*Pro se Plaintiff*

Rodney Dale Class
P.O. Box 435
High Shoals, NC 28077
*Pro se Plaintiff*

Richard Cordray
Ohio Attorney General
30 E. Broad Street, 17th Floor
Columbus, OH 43215
*Defendant*

                                                                                                          /s/ Justin M. Flint
                                                                                                           Justin Flint