IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

David Lee; Buess )
Rodney Dale; Class, )
   Plaintiffs )
  )   Case No. 1:09-cv-02151-HHK
v. )
UNITED STATES )
dba CORPORATION, et al, )
   Defendants ) ·

## MOTION TO DISMISS ON BEHALF OF DEFENDANT, GASTON COUNTY, CAPTIONED AS GASTON COUNTY DBA TAX DEPARTMENT

Gaston County, as the real party in interest and in place of the named defendant

Gaston County dba Corporation Tax Department, by and through Samuel Jonathan

Shames, counsel for Gaston County, moves the Court, pursuant to Rules 8(a), 12(b)(1),

(2), (3), (5), and (6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's

complaint with prejudice for lack of jurisdiction over the person, lack of subject matter

jurisdiction, improper venue, insufficiency of service of process, and failure to state a

claim upon which relief can be granted as set forth in the attached memorandum of

points and authorities.

Respectfully submitted this 23 day of December, 2009.

/s/ Samuel J. Shames
Asst. County Attorney, Gaston County
North Carolina Bar No. 31779
Box 1578, Gastonia NC 28052
Tel: 704-866-3194
E-mail: sam.shames@co.gaston.nc.us

/s/George McAndrews
D.C. Bar No. 395725
Assistant City Attorney
City of Alexandria, VA
301 King Street, Suite 1300
Alexandria, VA 22314
Phone: 703-746-3750
Fax: 703-746-3765
george.mcandrews@alexandriava.gov

G:\DOCUMENT\DATA\LIT\LEE-US\MOTION-12B6-9.L23.doc

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| David Lee; Buess | ) |
| Rodney Dale; Class, | ) |
|     Plaintiffs | ) |
| | )   Case No. 1:09-cv-02151-HHK |
| v. | ) |
| UNITED STATES | ) |
| dba CORPORATION, et al, | ) |
|     Defendants | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS FILED BY DEFENDANT, GASTON COUNTY, CAPTIONED AS GASTON COUNTY DBA TAX DEPARTMENT**

Gaston County, as the real party in interest and in place of the named defendant Gaston County dba Corporation Tax Department, by and through Samuel Jonathan Shames, counsel for Gaston County, moved the Court, pursuant to Rules 8(a) and 12(b)(1), (2), (3), (5), and (6) of the Federal Rules of Civil Procedure, to dismiss the plaintiff's Complaint with prejudice for lack of jurisdiction over the person, lack of subject matter jurisdiction, improper venue, insufficiency of service of process, and failure to state a claim upon which relief can be granted as set forth in the attached memorandum of points and authorities.

POINTS AND AUTHORITIES

I.    FACTUAL ALLEGATIONS

Pro se Plaintiffs David Lee Buess and Rodney Dale Class ("Plaintiffs") bring this action against a number of defendants including "Gaston County dba Corporation Tax

Department" hereinafter referred to as "Gaston County." In the Complaint, Defendant Gaston County can best gather that Plaintiffs assert a wide range of alleged injustices including war crimes, hate crimes, bank fraud, postal fraud, wire fraud, perjury, RICO violations, obstruction of justice, laundering money, and deprivation of their federally protected rights. (Complaint, p. 1) The vast bulk of the Complaint is comprised of incomprehensible and baseless assertions cited to irrelevant or incorrect legal authority.

Although it is extremely difficult or outright impossible to comprehend the Complaint, it could be inferred that Gaston County was named as a defendant because "The STATE OF NORTH CAROLINA Law Firm represents Gaston County dba Corporation Tax Department which collected fraudlent taxes for the United States..." (Complaint, p. 7)[1]

Based on the Defendant's alleged acts, Plaintiffs demand, inter alia, thirty million dollars or in the alternative, the military establishing a new government and the removal of all federal and state officials from office. For the following reasons, the Plaintiffs' claim against Defendant Gaston County should be dismissed with prejudice.

## II.   ARGUMENT

### A. PLAINTIFFS' CLAIMS AGAINST GASTON COUTNY SHOULD BE DISMISSED FOR INSUFFICIENCY OF SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION

A party to litigation may not serve a summons and Complaint. See Fed R. Civ. P. 4(c)(2) ("Any party who is at least 18 years old and not a party may serve a summons

---

[1] The State of North Carolina does not represent Gaston County in this action. Gaston County is a separate legal entity from the State of North Carolina.

and Complaint."); 1 James Wm. Moore et al., Moore's Federal Practice §4.70 (Mathew Bender, 3rd ed 2007) ("Service of process effected by plaintiff renders service invalid.")

As shown by the proofs of service filed in this case, the Plaintiffs attempted to serve Gaston County via certified mail themselves, not through any third party such as a process agent. Plaintiff may argue that under state law, they are permitted to serve process on Gaston County by certified mail. See Fed R. Civ. Pro. 4(e)(1), (j)(2)(B). However, these rules govern the manner of service, while Rule 4(c)(2) governs who may serve. By reading both rules together, the Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficiency of service of process.

Additionally, service of process was insufficient as the summons was addressed to "Gaston County Tax Department". No legal entity of "Gaston County Tax Department" exists. Furthermore, under state law, service to a County must be made to specific individuals within a County such as the County Manager. In this case, the summons was not sent to any individual, but was rather sent to "Gaston County Tax Department."

Even if Plaintiffs had obtained sufficient service of process, they have failed to establish that this Court has personal jurisdiction over Gaston County; the Plaintiffs failed to mention any contact or ties between themselves, Gaston County, and the District of Columbia. Without an allegation of the injury occurring in the District of Columbia or sufficient minimum contacts to invoke the District's long-arm statute, Plaintiffs fail to establish personal jurisdiction. "In order to subject a non-resident defendant to a binding judgment based on out-of-state service, due process requires

that the defendant have 'minimum contacts' with the forum in which the action was

brought of such a character 'that the maintenance of the suit would not offend tradition

notions of fair play and substantial justice." *Dorman v. Thornburgh*, 740 F. Supp. 875

(U.S.D.C., D.C., 1990) aff'd at 955 F.2d 57 (D.C. Cir. 1992) (citing *International Shoe v.

State of Washington*, 326 N.S. 310, 316 (1945)). Therefore, the Plaintiffs' Complaint as

to Gaston County must be dismissed for lack of personal jurisdiction under Rule

12(b)(2) of the Federal Rules of Civil Procedure.

### B. THE DISTRICT OF COLUMBIA IS NOT THE PROPER VENUE FOR PLAINTIFFS' CLAIMS AGIANST GASTON COUNTY

Venue is improper because neither Plaintiffs nor Gaston County reside in such

district, nor is it the district "in which a substantial part of the events of omissions giving

rise to the claims occurred, or a substantial part of property that is subject of this action

is situated." 28 U.S.C. §1391. The Court should dismiss this action, as venue is

improper. Due to the substance of the Complaint, it is also not in the interests of justice

to transfer this case to a different venue. Therefore, this case should be dismissed

pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### C. PLAINTIFFS' COMPLAINT IS TOO VAGUE TO STATE A COGNIZABLE CLAIM

Plaintiffs' Complaint failed to assert what Gaston County did to violate the law.

Although it is extremely difficult to comprehend the Complaint, it can be ascertained that

Gaston County is named a defendant because, according to the Plaintiffs, it is

represented by the State of North Carolina and collects taxes on behalf of the United

States. These allegations are incorrect. Due to the difficultly to understand the

Complaint, the case should be dismissed pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.

The Rules of Procedure require a Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). To survive a 12(b)(6) motion, a Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). A Complaint must be dismissed under 12(b)(6) if it only consists of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Because this complaint is incomprehensible and does not contain a statement showing that the pleader is entitled to relief, it should be dismissed.

Aside from the fact that Gaston County is listed as a party and in the caption of the Complaint, the Plaintiffs do not assert any allegations directly against the County other than being represented by the State of North Carolina and collecting taxes for the United States. Plaintiffs have failed to plead any specific injury arising from Gaston County's actions or omissions. These vague allegations fail to meet the pleading requirements established in Rule 8(a) of the Federal Rules of Civil Procedure, and therefore, the case should be dismissed. While sometimes a dismissal under Rule 8 results in a case being dismissed without prejudice to allow the pleader the opportunity to amend, courts should not do this if it would unnecessarily expend court resources for baseless cases. See *Brown v. Califano*, 75 F.R.D. 497, 499 (D.C.C. 1977). Courts have unhesitatingly dismissed Complaints, like Plaintiffs that are "ambiguous, redundant, vague, and in some respects, unintellgable." *Wallach v. City of Pagedale, Missory*, 359 F.2d. 57, 58 (8th Cir. 1966). Due to the allegations in the Complaint and

the relief sought, it would be a waste of the Court's time to allow Plaintiffs to amend their
Complaint against Gaston County.

### D. PLAINTIFFS' CLAIMS DO NOT GIVE RISE TO A PRIVATE RIGHT OF ACTION FOR ALLEGED CRIMINAL VIOLATIONS

Petitioner raised several claims against the Defendants that do not give rise to a
private right of action, such as: tax fraud, conspiracy against rights (18 U.S.C. 241),
deprivation of rights under color of law (18 U.S.C. 242), witness tampering (18 U.S.C.
1512), misprision of felony (18 U.S.C. 4), disloyalty and asserting the right to strike
against the government (18 U.S.C. 1918), mail fraud (18 U.S.C. 1341) and wire fraud
(18 U.S.C. 1343). These federal criminal statutes do not allow a private citizen to
initiate a prosecution, and only the United States has the authority to enforce such law.
See *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973). Absent specific verbage, criminal
statutes do not create a private right of action. Therefore, any claims against Gaston
County under the above statutes fail and must be dismissed.

### E. OTHER STATUTES CITED SUCH AS RICO, AND 42 USC 1983, 1985, AND 1981 FAIL, AS THE COMPLAINT DOES NOT STATE A CLAIM AGAINST GASTON COUNTY

Additionally, the RICO allegation is insufficient to state a claim against Gaston
County, as "the Plaintiff must allege 'injury to business or property by reason of a
substantive RICO violation." *Ulico Cas. Co. v. Professional Indem. Agency, Inc.* 1999
U.S. Dist. LEXIS 8591 (D.D.C. 1999). To satisfy this requirement, the Plaintiff must first
allege an injury caused by the racketeering activity. Because no such allegation was
alleged, the RICO allegation should be dismissed.

Similarly, the claim on behalf of the American people under 42 U.S.C. § 1983 must fail. Under this statute, the Petitioner must plead and prove that they were denied a right secured by the United States Constitution or federal law, and such deprivation was permitted by one acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The Plaintiffs did not allege they were deprived of any federally protected right. Therefore, the §1983 claim fails. The Petitioner also cited to 42 U.S.C. §1985(3), which prohibits conspiracies to deprive individuals of their equal protection rights. Because the Plaintiffs failed to alleged "some racial, or perhaps otherwise class-based invidiously discriminatory animous behind the conspirator's actions, the claim fails. See *Bray v. Alexandria Woman Health's Clinic*, 506, U.S. 263 (1993). Finally, the claim under 42 U.S.C. §1981 should be dismissed. Claims under §1981 concern racial discrimination in the making and performance of contracts. To have a cause of action, a plaintiff must indentify injuries flowing from a racially motivated breach of their own contractual relationship." *Burnette v. Sharma*, 511 F. Supp. 2d. 136, 141 (D.D.C. 2007), aff'd 2008 U.S. App. LEXIS 26212 (D.C. Cir. 2008), (quoting *Domino's Pizza, Inc. v. McDonald*, 126 S.Ct. at 1252). As no allegations concerning contractual interference based on racial animus has been raised, the claim should be dismissed.

### F. GASTON COUNTY ENJOYS GOVERNMENTAL IMMUNITY, AND THE PETITIONER'S FAILURE TO ALLEGE WAIVER OF IMMUNITY CAUSES THEIR CLAIMS TO FAIL

North Carolina counties enjoy governmental immunity, and is immune from suit except under specific federal or state laws or through express purchase of liability insurance. When suing a county, the complainant must allege waiver of immunity by a country contracting to insure itself. *Clark v. Burke County*, 117 N.C. App. 85, 450

S.E.2d. 747 (1994).  As no such allegation that immunity was waived by Gaston County, the Plaintiffs failed to state a cause of action.

CONCLUSION

For the reasons stated herein, the Complaint against Gaston County should be dismissed for the Plaintiff's failure to establish jurisdiction, service of process was deficient, venue was improper, and no claim upon which relief can be granted was filed.

Respectfully submitted, this 23 day of December, 2009.

/s/ Samuel J. Shames
Asst. County Attorney, Gaston County
North Carolina Bar No. 31779
Box 1578, Gastonia NC 28052
Tel: 704-866-3194
E-mail: sam.shames@co.gaston.nc.us

/s/George McAndrews
D.C. Bar No. 395725
Assistant City Attorney
City of Alexandria, VA
301 King Street, Suite 1300
Alexandria, VA 22314
Phone: 703-746-3750
Fax: 703-746-3765
george.mcandrews@alexandriava.gov

CERTIFICATE OF FILING AND SERVICE

This is to certify that the undersigned has this day electronically filed the foregioing MOTION TO DISMISS ON BEHALF OF DEFENDANT, GASTON COUNTY, CAPTIONED AS GASTON COUNTY DBA TAX DEPARTMENT and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS FILED BY DEFENDANT, GASTON COUNTY, CAPTIONED AS GASTON COUNTY DBA TAX DEPARTMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Christopher W. Sanders
Trial Attorney, Tax Division
U.S. Department of Justice
Attorney for Defendant United States of America

Justin Flint
Attorney for Defendant Routson

Grady L. Balentine, Jr.
Special Deputy Attorney General
Attorney for the State of North Carolina

And the undersigned certifies that he served the following non.CM/ECF participant via regular U.S. mail, first-class postage pre-paid, and addressed as follows:

David Lee; Buess
22014 Delaware Township Road 184
Arlington, OH 45814
Pro se Plaintiff

Rodney Dale Class
Box 435
High Shoals, NC 28077
Pro se Plaintiff

Rodney Cordray
Attorney General, State of Ohio
30 E. Broad Street, 17th Floor
Columbus, OH 43215
Defendant                              /s/ Samuel J. Shames
                                       Asst. County Attorney, Gaston County
                                       /s/ George McAndrews
                                       Assistant City Attorney, Alexandria, VA

G:\DOCUMENT\DATA\LIT\LEE-US\MEMO-12B6MOTION-9.L23.doc