# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID LEE BUESS, et al. | : | |
| | : | |
| Plaintiffs, | : | Case No.: 1:09-CV-02151-HHK |
| | : | |
| v. | : | JUDGE KENNEDY |
| | : | |
| UNITED STATES dba CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS ON BEHALF OF THE STATE OF OHIO

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(1), 12(b)(2) and (12(b)(6), Defendant, the State of Ohio, respectfully moves this Court to dismiss Plaintiff's claims against the State based on: (1) a lack of subject matter jurisdiction under the Eleventh Amendment; (2) lack of personal jurisdiction over the State of Ohio because the State is not a person; (3) lack of standing; and (4) failure to state a claim upon which relief may be granted.  A Memorandum of Law in support of the motion is attached.

        Respectfully submitted,

        RICHARD CORDRAY
        Ohio Attorney General

        */s/ Aaron D. Epstein*
        AARON D. EPSTEIN (#0063286)
        Assistant Attorney General
        Constitutional Offices
        30 East Broad Street, 16th Floor
        Columbus, Ohio  43215-3400
        Aaron.Epstein@OhioAttorneyGeneral.gov
        (614)466-2872 – phone
        (614)728-7592 – fax

        *Attorney for Defendant*
        *State of Ohio*

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

The Plaintiffs, David Buess and Rodney Dale, have filed suit against the State of Ohio, accusing the State of committing "war crimes," "tax fraud," and other offenses, and seeking $30 million dollars in damages. The State of Ohio respectfully asks the Court to dismiss all claims against it for the following reasons:

(1)     Pursuant to the Eleventh Amendment to the United States Constitution, this Court lacks jurisdiction to hear suits for money damages against a State;

(2)     This Court lacks personal jurisdiction over the State of Ohio; and

(3)     Plaintiffs lack standing to enforce the criminal statutes cited in the complaint; and

(4)     The Complaint fails to state a claim upon which relief may be granted.

For these reasons, the State of Ohio respectfully asks this Court to dismiss it as a party from this action.[1]

**II.     THE ALLEGATIONS IN THE COMPLAINT**

Plaintiffs' complaint states that "it is an established fact that the United States Federal Government has been dissolved by the Emergency Banking Act, March 9, 1933." (Compl., p. 20) Under Plaintiff's theory, all public officials thus knowingly expatriated and defrauded the American people and are misusing and impersonating their constitutional positions to collect federal funds. (Compl., p. 14) Plaintiffs allege that the "franchise corporation" of the State of Ohio: (1) fraudulently collected taxes for the United States corporation; (2) committed war crimes and hate crimes; (3) violated the Racketeer Influenced Corrupt Organizations Act, the

---

[1]     To date, Plaintiffs have not perfected service of process on the State of Ohio as required by Fed.R.Civ.P. 4(j)(2). In filing this motion, the State of Ohio does not waive, and expressly reserves, the affirmative defense of lack of service

District of Columbia Constitution and District of Columbia statutes; and (4) committed treason, high crimes and misdemeanors. (Compl., p.9)

Plaintiffs propose two options for relief. Under Option (A), the Plaintiffs claim entitlement to $30,000,000.00 (Thirty Million Dollars) including legal fees, costs, research and time or gold tax free, plus the rights to recovery, and ask the court to remove the ABA Bar association, all lawyers and attorneys as staff employment for Congress and to reinstate the state militia. (Compl., p. 26) Under Option (B), Plaintiffs ask that all federal and state officials be removed from office, "brought up" on military charges, and the military used to help establish a new government. (Compl., p. 27).

This Court should dismiss each of these claims against the State of Ohio due to lack of subject matter jurisdiction, lack of standing, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.

### III.   LAW AND ARGUMENT

#### A.   This Court Lacks Subject Matter Jurisdiction Over The State of Ohio Because The State Enjoys Eleventh Amendment Immunity.

The State moves to dismiss this action for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). "Federal Rule of Civil Procedure 12(b)(1) requires the plaintiff to bear the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain her claims." *Gustave-Schmidt v. Chao,* 226 F.Supp.2d 191, 195 (D.D.C. 2002) (citations omitted). Because the Eleventh Amendment bars claims against the State, the Plaintiff cannot prove jurisdiction and the claims against the State of Ohio should be dismissed for lack of subject matter jurisdiction.

The State of Ohio is protected from suit in federal court for monetary damages. The Eleventh Amendment renders states immune from federal suits for money damages in cases

brought by private citizens. *Perez v. Wade*, 2009 U.S. Dist. LEXIS 87946, 12 (6th Cir. 2009); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Plaintiffs seek $30,000,000.00 ($30 million dollars) in monetary damages from the State of Ohio. The State of Ohio is therefore immune from suit unless it has waived its immunity.

The State of Ohio has not waived its Eleventh Amendment immunity. A State may waive its immunity in three ways: "by legislation, by removing an action to federal court, or by 'appearing without objection and defending on the merits.'" *Nair v. Oakland County Cmty. Mental Health Auth.,* 443 F.3d 469, 474 (6th Cir. 2006) (citations omitted). The Sixth Circuit has held that Ohio's limited consent to be sued in the Ohio Court of Claims does not constitute a waiver of immunity in federal court. *Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir. 1999). Thus, "any suit filed against the state in a court other than the Court of Claims would seemingly have to be dismissed for lack of subject matter jurisdiction." *Manning v. Ohio State Library Bd.*, (1991), 62 Ohio St.3d 24, 30, 577 N.E.2d 650. The United States Department of the International Revenue Service removed this case and the State of Ohio has not engaged in litigation conduct in this matter. See e.g. *Ku v. Tennessee*, 322 F.3d 431, 435 (6th Cir. 2003). Thus, the State has not waived its immunity.

Plaintiffs apparently base their claims on 42 U.S.C. §§ 1981, 1983, 1985, and 1988. (Compl., p. 2). However, it is well-established that these statutes do not waive a State's Eleventh Amendment immunity. See, e.g. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Ejikeme v. Violet*, 307 Fed. Appx. 944; 2009 U.S. App. LEXIS 1516 (6th Cir.), cert. denied 2009 U.S. LEXIS 7123 (U.S., Oct. 5, 2009).

The State of Ohio is protected by the Eleventh Amendment and has not waived immunity. Therefore, the Plaintiff cannot prove subject matter jurisdiction and the claims

against the State of Ohio should be dismissed.

### B. This Court Lacks Personal Jurisdiction Over the State of Ohio Because the State is Not A Person Under the District of Columbia's Long Arm Statute.

The State of Ohio moves to dismiss the claims against it for lack of personal jurisdiction. When establishing personal jurisdiction, it is settled that the plaintiff must allege specific facts connecting a defendant with a forum; it cannot rely on conclusory allegations. *Moore v. Motz,* 437 F.Supp.2d 88, 91 (D.D.C. 2006). Plaintiffs generally assert that all crimes and actions causing injury originated within the District of Columbia, but fail to specify the actions which led to injury or any specific injury which occurred. Without specific facts to establish action or injury, the claims against the State of Ohio should be dismissed for lack of personal jurisdiction.

A personal jurisdiction analysis requires that a court determine whether jurisdiction over a party is proper under the applicable local long-arm statute and whether it accords with the demands of due process. *United States v. Ferrara*, 54 F.3d 825, 827 (D.C.C. 1995). As no federal long-arm statute applies, Plaintiffs must rely on the laws of the District of Columbia to assert personal jurisdiction over the Defendants. See *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C.C. 1991). "The District of Columbia long-arm statute does not authorize personal jurisdiction over state governments, because states are not 'persons' within the meaning of the statute." *Moore*, 437 F.Supp.2d at 94, citing *Ferrara*, 54 F.3d at 831-32. As a state government, and not a person, the District Court therefore has no jurisdiction over the State of Ohio and the claims against the State must be dismissed for lack of personal jurisdiction.

This District Court previously dismissed an action against the State of Maryland for lack of personal jurisdiction because the State was not a person; the complaint alleged no tortuous injury within the District and the complaint failed to allege relevant contacts between the State of Maryland and the District. *Moore*, 437 F.Supp.2d at 94.

As a state government, the State of Ohio is not a person within the meaning of the District of Columbia's long arm statute. Therefore, Plaintiff's cannot establish personal jurisdiction over the State of Ohio, and the claims against the State should be dismissed for lack of personal jurisdiction according to Federal Rule of Civil Procedure 12(b)(2).

### C. Plaintiffs Lack Standing To Enforce Criminal Statutes

Plaintiffs preface their Complaint with a notice that their suit is a Petition brought under a number of federal criminal statutes, specifically Title 18, Sections 241 (conspiracy against civil rights); 242 (deprivation of rights under color of law), 1512 (witness tampering), 1968,[2] 1964 (civil RICO), and 1918 of Title 18 (sanctioning anyone hires as a federal employee a person who advocates the overthrow of the government). (Compl., p. 2). He also alleges war crimes, in violation of 18 U.S.C. §2441 and the Trading With The Enemy Act, 50 USCS Appx §1 (Compl., pp. 9, 15-16); "Treason, High Crimes, and Misdemeanors, in violation of Article II Section 4 and Article III Section III of the Constitution (Compl., p. 9); perjury, a violation of 18 U.S.C. §§1621 (Compl., p.2), and so forth. Plaintiffs have no standing to assert these claims

A private citizen has no authority to initiate a federal criminal prosecution. *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989) (plaintiff had no standing to sue for perjury, extortion, criminal conspiracy and racketeering); *Higgins v. Neal*, 1995 U.S. App. LEXIS 8238 (10th Dist.); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2nd Cir. 1972). Criminal statutes can only be enforced by the proper authorities of the United States Government. *American Postal Workers Union v. Independent Postal System, Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) (internal quotations omitted); <u>see</u> <u>also</u> *Walsh v. Krantz*, 2008 U.S. Dist. LEXIS 44204 (M.D. Pa.), n.16, <u>quoting</u> *U.S. ex rel. Savage v. Arnold*, 403 F.Supp. 172, 176, n.2

---

[2] The State assumes plaintiffs' reference to 18 U.S.C. 1968 is a typographical error. That section, which authorizes the United States Attorney General to initiate a an investigation of a suspected RICO violation, is plainly inapplicable.

(E.D. Pa. 1975)("a firmly established principle [is] that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions").

Indeed, permitting private actions to enforce criminal penalties would "circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer on probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and . . . indictment by a grand jury." *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964). For this reason, the Sixth Circuit has ruled that it is proper for the Clerk of Courts to refuse even to allow the *filing* of a private complaint that seeks to initiate a federal criminal prosecution. *Fritchey v. Chater* 1998 U.S. App. LEXIS 9580 at *1 (6th Cir. 1998).

Plaintiffs have not alleged that any of their Title 18 claims create a private right of action (other than the civil RICO claim, which is addressed separately). Since there is no question that a private party cannot initiate a federal criminal action, the State respectfully asks the Court to dismiss the Complaint for lack of standing.

Likewise, the civil RICO claim should be dismissed for failure to state a claim. To bring a civil RICO claim, a plaintiff must allege that he was "injured in his business or property" by the RICO violation. *Dummar v. Lummis*, 543 F.3d 614, 620-21 (10th Dist. 2008), quoting *Sedima, S.P.R.L. v. Imrex Co,. Inc.*, 473 U.S. 479, 496 (1985). Plaintiffs have made no such allegation.

A RICO violation requires: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Id*. A "pattern of racketeering activity" requires at least two predicate acts of racketeering activity. 18 U.S.C. 1961(5). "Racketeering activity" includes any of the

indictable acts listed in the RICO statute, 18 U.S.C. 1961(1). A comparison of the Complaint with the offenses listed in 18 U.S.C. 1961(1) shows only one potential overlap: 18 U.S.C. 1512, relating to tampering with a witness, victim, or an informant. But that claim is frivolous. A civil RICO claim must be pleaded with specificity. *Gabor v. Board of Equalization*, 1997 U.S. App. LEXIS 18891 (9th Cir. 1997), citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir, 1988). This Complaint contains no specific facts: it does not identify the specific acts alleged, the individual(s) who engaged in the actions, or the time and place they occurred. Courts routinely dismiss civil RICO actions where the allegations are vague or conclusory. *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2nd Cir. 1999); *Goren v. New Vision Int'l*, 156 F.3d 721, 732-733 (7th Cir. 1998).

### D. Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted Because This Court Has No Authority Over The Ohio Militia.

The State of Ohio also moves for dismissal on the basis that the Plaintiff has failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Under the recent Supreme Court standard, "this Court must construe the amended complaint in favor of Plaintiff, accept the factual allegations contained in the amended complaint as true, and determine whether Plaintiff's factual allegations present plausible claims." *Battersby v. State of Ohio*, 2008 U.S. Dist. LEXIS 71397, *6 (S.D. Ohio 2008) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). To be considered plausible, a claim "must be more than merely conceivable." *Bell Atlantic Corp.,* 550 U.S. at 570. Thus, "[d]ismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised." *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 U.S. Dist. LEXIS 81831, at *2 (N.D. Ohio Nov. 5, 2007).

Dismissal is appropriate for two reasons. First, the Complaint does not meet the pleading

requirements of Civil Rule 8(a), which states that a complaint: "shall contain . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Courts routinely dismiss complaints, such as the present one, wherein the facts are absent and the underlying legal theory incomprehensible. *Brown v. Califano*, 75 F.R.D. 497 (D.D.C. 1977). The only statement in the Complaint that appears to refer to Ohio is the reference (on pages 13-14 of the Complaint,) to the fact that Ohio, like many states, requires drivers to submit proof of financial responsibility (i.e. insurance) on an SR-22 form. How this creates a federal cause of action is unclear.

Second, this Court lacks authority to grant the relief requested. This Court has no authority over the state militia, much less any authority to disband the government. Plaintiffs have identified no authority by which his Court can federalize the Ohio militia. Under Ohio law, the militia is an arm of the executive power. *State v. Coulter*, Wright 421 (Ohio 1833). The Governor is the commander-in-chief of the military and naval forces of the state, except when they are called into the service of the United States. Ohio Const. Art. III, §10. "The constitutional provision declaring that 'the supreme executive power of this State shall be vested in the governor,' clothes the governor with important political powers, in the exercise of which he uses his own judgment or discretion, and in regard to which, his determinations are conclusive." *State ex rel. Whiteman v. Chase*, 5 Ohio St. 528, 534-34 (1856). The decision to mobilize the State's military forces, as requested by Plaintiffs in both of their "Options" for relief, is just such a discretionary function to which the Governor's decisions are conclusive.

The judiciary has no power to review the discretionary functions of the executive branch. "The judicial power cannot interpose and direct in regard to *the performance* of an official act which rests in *the discretion* of any officer, whether executive, legislative or judicial." *State ex rel. Whiteman v. Chase*, 5 Ohio St. 528, 534 (1856). Under these principles, the Supreme Court

9

of Ohio declined to review the Governor's decision to send troops to Kent State University because it would "necessarily draw the courts into a nonjusticiable political question, over which we have no jurisdiction." *Krause v. Rhodes*, 471 F.2d 430, 441 (1972); see also *Gilligan v. Morgan*, 413 U.S. 1, 9, 93 S.Ct. 2440.  Plaintiffs ask the court to direct the performance of a discretionary function of the Executive branch.  This is beyond the power of the judicial system and this Court cannot grant the relief being requested by the Plaintiffs.  Therefore, this court should dismiss the claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, the Defendant, State of Ohio, respectfully moves this Court for dismissal of Plaintiff's Complaint.

                Respectfully submitted,

                RICHARD CORDRAY
                Ohio Attorney General

                */s/ Aaron D. Epstein*
                AARON D. EPSTEIN (#0063286)
                Assistant Attorney General
                Constitutional Offices
                30 East Broad Street, 16th Floor
                Columbus, Ohio  43215-3400
                Aaron.Epstein@OhioAttorneyGeneral.gov
                (614)466-2872 – phone
                (614)728-7592 – fax

                *Attorney for Defendant*
                *State of Ohio*

**CERTIFICATE OF SERVICE**

This is to certify a copy of the foregoing was served upon all counsel of record by means of the Court's electronic filing system on this 2nd day of February, 2010.  In addition, a copy was sent by regular U.S. mail, postage pre-paid, to:

David Lee Buess
22014 Delaware Township Road 184
Arlington, Ohio 45814
*Pro se Plaintiff*

Rodney Dale Class
P.O. Box 435
High Shoals, NC 28077
*Pro se Plaintiff*

/s/ *Aaron D. Epstein*
AARON D. EPSTEIN (#0063286)
Assistant Attorney General
*Attorney for Defendant*
*State of Ohio*