# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| DAVID LEE BUESS<br><br>and<br><br>RODNEY DALE CLASS,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA d/b/a<br>CORPORATION, et al.,<br><br>     Defendants. |

Civil Action 09-02151 (HHK)

## MEMORANDUM OPINION

David Lee Buess and Rodney Dale Class ("plaintiffs"), proceeding *pro se*, bring this action against: the United States; the Internal Revenue Service; the State of Ohio; the State of North Carolina; Gaston County, North Carolina; and Judge Reginald J. Routson of the Court of Common Pleas of Hancock County, Ohio (collectively "defendants"), alleging numerous harms related to the organization and legitimacy of the United States government and the collection of state and federal taxes. Before the Court are motions to dismiss by the United States and IRS [#3], Ohio [#24], North Carolina [#12], Gaston County [#19], and Routson [#10]. All of the defendants argue, *inter alia*, that Buess and Class have failed to state a claim upon which relief may be granted. Upon consideration of the motions, the opposition thereto, and the record of this case, the Court concludes that the motions must be granted.

## I. BACKGROUND

Buess and Class initially filed this action in the Superior Court of the District of Columbia. Their thirty page complaint alleges, in essence, that the 1933 amendments to the Trading with the Enemy Act, 12 U.S.C. § 95a, operated to dissolve the original U.S. government, Compl. at 23, and create a new corporate government, located in the District of Columbia. Compl. at 15. They challenge this shadow government's collection of taxes, which they allege constitutes fraud on the American people. Compl. at 11. Following removal to this Court by the federal defendants pursuant to 28 U.S.C. § 1442, all defendants moved for dismissal on the grounds that Buess and Class had failed to state a claim upon which relief may be granted.[1]

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 operates to ensure that defendants receive fair notice of the claim against them so that they can respond appropriately. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Failure to comply with Rule 8 can result in dismissal under Rule 12(b)(6), which provides that a court may dismiss a complaint, or any portion of it, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss pursuant to Rule 12(b)(6) must assume that all factual allegations in the complaint are true, even if they are doubtful. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] Each defendant has also raised a number of alternative arguments, but because the Court concludes that this action must be dismissed for failure to state a claim upon which relief may be granted, it does not reach these other issues.

## III. ANALYSIS

Buess and Class's complaint is precisely the sort of complaint that warrants dismissal under Rule 12(b)(6). "[T]he courts have unhesitatingly dismissed actions where the complaint[] consisted of 'a labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension . . .' [or] was '. . . confusing, ambiguous, redundant, vague and, in some respects, unintelligible . . . .'" *Brown*, 75 F.R.D at 499 (quoting *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972); *Wallach v. City of Pagedale*, 359 F.2d 57, 58 (8th Cir. 1968)). Over the course of its thirty pages, Buess and Class's complaint cites a disjointed jumble of cases, statutes and doctrines, arguing that the U.S. government was replaced by a corporate shadow government as a result of the 1933 amendments to the Trading with the Enemy Act, 12 U.S.C. § 95a. *See generally* Compl. Pages at a time are comprised of materials plainly copied and pasted from various treatises or databases, *see, e.g.*, Compl. at 16–22, which neither form a coherent narrative nor support Buess and Class's vague and redundant allegations. In sum, the complaint is "neither short nor plain." *Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 468 (D.D.C. 1997).

More importantly, however, the complaint provides absolutely no factual support for its broad, conclusory legal claims. Although a complaint need not contain detailed factual allegations, it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Here, the complaint is utterly devoid of factual support for its claims. None of the defendants could reasonably be expected to know how to respond to such allegations. Although *pro se* plaintiffs are accorded more leeway than are trained attorneys in pleading their cases, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still comply with

the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Because Buess and Class's complaint presents "a confused and rambling narrative of charges and conclusions," *Brown*, 75 F.R.D. at 499, and "tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557), this action must be dismissed.

## III. CONCLUSION

For the foregoing reasons, each defendant's motion to dismiss must be granted. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge